# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ANAYA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-797-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jesus Anaya appeals the within-guidelines sentence imposed by the district court following his guilty plea conviction for maintaining a drug stash house in violation of 21 U.S.C. § 856(a)(2). He argues that the district court clearly erred in finding that a base offense level reduction under U.S.S.G. § 2D1.8(a)(2) was not applicable in his case because he possessed a firearm that was found at the stash house. In connection with that argument, he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court conflated the provisions of U.S.S.G § 2D1.1(b)(1), which enhance a defendant's drug offense level if a "weapon was present, unless it is clearly improbable that the weapon was connected with the [drug] offense," § 2D1.1 comment. (n.11), with the provisions of § 2D1.8(a)(2), which apply a base offense level reduction to an offense of renting or managing a drug establishment if the defendant had no participation in the underlying drug offense unless, among other things, the defendant "possessed a weapon in connection with the offense," § 2D1.8 comment. (n.1.). He contends that possession under § 2D1.8 requires actual possession. He argues that, if his base offense level had been correctly calculated, the recommended guidelines range would have been lower and that his sentence is therefore procedurally and substantively unreasonable.

The Sentencing Guidelines are advisory only, yet the district court must still properly calculate the advisory guidelines range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). For issues preserved in the district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If there is no procedural error or such error is harmless, we will consider the substantive reasonableness of the sentence imposed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Because Anaya challenged the district court's finding that he possessed the weapon in the stash house at sentencing, we review that finding for clear error. However, because Anaya did not raise the issue of whether possession under § 2D1.8 requires actual possession in the district court or challenge the substantive reasonableness of the sentence after it was imposed, our review of those issues is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391

2

(5th Cir. 2007); *see also United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007).  Under that standard, Anaya must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

We have not previously addressed whether possession under the commentary to § 2D1.8 is defined differently from that of possession under the commentary to § 2D1.1.  Given the lack of any precedent from this circuit, any error by the district court in applying the standard for possession under the commentary to § 2D1.1 was not clear or obvious.  *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).  Moreover, even if we concluded that Anaya's legal argument demonstrates clear or obvious error, it did not affect his substantial rights because the commentary to § 2D1.8(a)(2) provides several other circumstances under which the base offense level reduction would not apply, including when the defendant has previously allowed a premises to be used as a drug establishment.  Anaya did not dispute the information contained in the presentence report (PSR) indicating that he previously used another residence to store drugs.  *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).

Notably, Anaya does not contest the enhancement of his base offense level for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1).  Thus, he appears to concede that if the district court applied the definition of possession applicable under the commentary to § 2D1.1 when it found that he was not entitled to a base offense level reduction under § 2D1.8(a)(2), it did not clearly err when it found that he possessed the weapon found in the stash house.  In any event, any procedural error in finding that he possessed the

firearm is harmless because, as noted above, the unrebutted information provided by the PSR otherwise demonstrates that the base offense level reduction under § 2D1.8(a)(2) was not applicable in Anaya's case. *See* § 2D1.8 comment. (n.1); *Ollison*, 555 F.3d at 164. Accordingly, there is no reversible error with respect to the procedural reasonableness of Anaya's sentence.

Finally, Anaya's conclusional assertion that his sentence of imprisonment is substantively unreasonable does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The judgment of the district court is **AFFIRMED**.